Filing # 107086885 E-Filed 05/05/2020 03:31:51 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

EVA GONZALEZ,

Plaintiff,

vs.

TARGET CORPORATION, a Foreign
Corporation, and JOHN DOE, an Individual

Defendants.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, EVA GONZALEZ, (herein after "EVA") by and through their undersigned counsel, and sue the Defendants TARGET CORPORATION (herein after "TARGET"), and JOHN DOE (herein after "MANAGER"), and allege:

### JURISDICTION, PARTIES & VENUE

1. This is an action for damages exceeding Thirty Thousand Dollars ($30,000.00) and within the Jurisdictional limits of this Honorable Court.

2. At all times hereinafter material hereto and at the time of the incident complained of, Plaintiff, EVA, was a resident of Miami-Dade County, Florida and was sui juris.

3. At all times material hereto, Defendant, MANAGER, was a resident of Miami-Dade County, Florida and was an employee of TARGET and is otherwise *sui juris*.

# EXHIBIT A

4. At all times material hereto and at the times of the incident complained of, Defendant, TARGET, was a foreign for profit corporation, licensed to do business in the State of Florida, which owned, controlled, maintained, and operated a TARGET store located at 1730 West 37th Street, Hialeah, Miami-Dade County, Florida (the "Subject Store").

5. Venue is proper in Miami-Dade County, Florida because the trip and fall injury that is the subject matter of this lawsuit occurred there.

GENERAL ALLEGATIONS

6. At all times material to this complaint EVA was a business invitee of TARGET at TARGET's store located at 1730 West 37th Street, Hialeah, Florida.

7. At all times material to this complaint TARGET owned and operated the store at 1730 West 37th Street, Hialeah, Florida, so that it invited the public, including EVA, to enter.

8. At all times material to this complaint Defendant MANAGER was employed by TARGET to operate TARGET's public restaurant store at 1730 West 37th Street, Hialeah, Florida.

9. At all times material to this complaint Defendant MANAGER was an agent, apparent agent, servant, employee, and/or independent contractor of Defendant TARGET who was acting within the scope of that position to further TARGET's business interests.

10. On March 24, 2018, Plaintiff EVA entered the inside of TARGET's store that was held open to the public.

11. At all times material to this complaint TARGET and MANAGER negligently maintained the aisles inside of TARGET's store.

12. On or about March 24, 2018, Plaintiff EVA slipped and fell on plastic wrapper debris that was left in a freely accessible shopping aisle on the floor, creating a hazardous condition, at or near the kitchen department in the Subject Store.

13. Plaintiff EVA had no warning of the hazardous condition and could not reasonably discover it prior to the fall.

14. Upon information and belief the plastic wrapper debris creating the hazardous condition had been on the floor for a significant length of time, and Defendants, acting through its agents, representatives, and employees, knew or should have known of the condition and conditions such as this happened regularly and it should have been foreseeable to Defendants.

15. At the time of the incident giving rise to this Complaint, the Subject Store was owned, operated, maintained and controlled by Defendant TARGET both directly, and by and through its agents, representatives, and employees.

16. All conditions precedent to the filing of this Complaint have been satisfied, met or waived.

### COUNT I - NEGLIGENCE AGAINST MANAGER

Plaintiff restates and reincorporates the preceding paragraphs as if fully set forth herein.

17. At all times material to this complaint MANAGER was an employee of TARGET and had a duty of care to EVA to keep TARGET's store in a reasonably safe condition.

18. At all times material to this complaint, MANAGER breached that duty by:

    a. by allowing the hazardous condition to remain on the floor in the shopping aisles of the Subject Store, knowing that its business invitees, including Plaintiff, would

be walking down the aisles while shopping for merchandise and be unaware of the hazardous condition;

b.  by failing to timely remove hazardous condition even though Defendant knew, or should have known of the hazardous condition;

c.  by representing to its business invitees, customers, including Plaintiff, that its premises were safe and suitable when, in fact, they were not because of the hazardous condition described herein;

d.  by failing to provide adequate warnings and/or other reasonable notice to Plaintiff that its employees were or had been stocking shelves and that merchandise remained or fell on the floor of the Subject Store creating a hazardous condition; and

e.  The hazardous condition described herein was a continuous and ongoing condition on Defendant's premises and for that reason Defendant, acting through its agents, representatives, and employees, was on actual and constructive notice of said condition.

f.  Failing to maintain the subject store in a reasonably safe condition.

19. As a direct and proximate result of the aforementioned negligence of MANAGER, EVA suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and related care and treatment, and/or an aggravation of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff EVA GONZALEZ demands judgment against Defendant JOHN DOE in an amount in excess of Thirty Thousand ($30,000.00) Dollars, plus taxable costs, interest, and whatever other relief is permissible under the Laws of Florida.

## COUNT II: NEGLIGENCE AGAINST TARGET

Plaintiff restates and reincorporates the preceding paragraphs as if fully set forth herein.

20. At all times material to this complaint TARGET had a duty of care to EVA to maintain its store in a reasonably safe condition.

21. At all times material to this complaint, TARGET breached its duty by:

    a.  by allowing the hazardous condition to remain on the floor in the shopping aisles of the Subject Store, knowing that its business invitees, including Plaintiff, would be walking down the aisles while shopping for merchandise and be unaware of the hazardous condition;

    b.  by failing to timely remove hazardous condition even though Defendant knew, or should have known of the hazardous condition;

    c.  by representing to its business invitees, customers, including Plaintiff, that its premises were safe and suitable when, in fact, they were not because of the hazardous condition described herein;

    d.  by failing to provide adequate warnings and/or other reasonable notice to Plaintiff that its employees were or had been stocking shelves and that merchandise remained or fell on the floor of the Subject Store creating a hazardous condition; and

    e.  The hazardous condition described herein was a continuous and ongoing condition on Defendant's premises and for that reason Defendant, acting through

its agents, representatives, and employees, was on actual and constructive notice of said condition.

    f.  Failing to maintain the subject store in a reasonably safe condition.

22. As a direct and proximate result of the aforementioned negligence of TARGET, EVA suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and related care and treatment, loss of earnings, loss of ability to earn money, and/or an aggravation of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff EVA GONZALEZ demands judgment against Defendant TARGET in an amount in excess of Thirty Thousand ($30,000.00) Dollars, plus taxable costs, interest, and whatever other relief is permissible under the Laws of Florida.

## COUNT III: VICARIOUS LIABILITY

Plaintiff restates and reincorporates the preceding paragraphs as if fully set forth herein.

23. At all times material hereto, MANAGER was an agent, apparent agent, servant, employee, and/or independent contractor of TARGET and was acting within the scope of that position to further TARGET's business interests when he or she negligently caused an unreasonably dangerous condition to exist at TARGET's public store.

24. At all times material hereto, MANAGER was acting within his scope of work with TARGET so that he or she may advance TARGET's business interests and TARGET is therefore vicariously liable for the negligence and damages caused by MANAGER while operating TARGET's public store.

25. As a direct and proximate result of the aforementioned negligence of MANAGER,

Plaintiff EVA suffered bodily injury and resulting pain and suffering, disability,

disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of

hospitalization, medical and related care and treatment, loss of earnings, loss of ability to

earn money, and/or an aggravation of a pre-existing condition. The losses are either

permanent or continuing in nature, and Plaintiff EVA will suffer these losses in the

future.

WHEREFORE, Plaintiff EVA GONZALEZ demands judgment against Defendant

TARGET in an amount in excess of Thirty Thousand ($30,000.00) Dollars, plus taxable costs,

interest, and whatever other relief is permissible under the Laws of Florida.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable .

DATED this  day of May, 2020.

> THE LAW OFFICES OF
> BERMAN & BERMAN, P.A.
> *Attorneys for Plaintiff*
> Post Office Box 272789
> Boca Raton, FL 33427
> Tel: (561) 826-5200
> Fax: (561) 826-5201
>
> By: /s/ _____
>
> Jesse S. Fulton, Esq.
> Florida Bar No.: 112495 .
> service@thebermanlawgroup.com